SHEARER *v.* SHEARER

[No. 284, September Term, 1964.]

*Decided April 27, 1965.*

The cause was submitted to HAMMOND, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

Submitted on brief by *Stanley B. Frosh* for the appellant.

Submitted on brief by *John C. Keating* for the appellee.

PER CURIAM.

The appellant, Eric B. Shearer, filed two bills of complaint against his wife, Marion Shearer, the appellee, in the Circuit Court for Montgomery County. One bill of complaint sought a divorce *a mensa et thoro,* the other sought a divorce *a vinculo matrimonii;* the suits were consolidated and were heard at the same time by the chancellor, Judge Shook. Both suits sought relief on the ground of extreme cruelty and resulting constructive desertion of the husband by the wife. The parties entered into a property settlement agreement, dated July 28, 1962. In her answers, the wife denied the cruelty and constructive desertion alleged in the bills of complaint and filed a cross bill of complaint to enforce specifically the agreement of July 28, 1962.

After hearing the parties and other witnesses, considering depositions and various documentary exhibits, the chancellor rendered an opinion analyzing the evidence and concluding that in her opinion the appellant, as plaintiff, had not proved by a preponderance of the evidence that the conduct of the defendant wife was such as to justify a finding of constructive desertion of the husband by the wife and indicated that she would dismiss the bills of complaint of the husband, sustain the agreement of July 28, 1962 with a modification of the provision in the agreement for the support of the two children by a reduction to $350.00 a month in view of the changed financial condition of the husband, and continue the custody of the children in the wife, subject to reasonable visitation rights in the husband. A decree effectuating the chancellor's opinion was signed on June 8, 1964 from which the present appeal was taken.

It would serve no useful purpose to review the often conflicting evidence offered on behalf of the parties. The burden of proof was upon the appellant, as plaintiff, to establish the con-

structive desertion by his wife; and upon conflicting evidence, the chancellor concluded that the husband had not established the constructive desertion by a preponderance of the evidence. This determination of fact was for the chancellor to make. On appeal, we will not set aside the chancellor's determination of fact "unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." Maryland Rule 886 a. We cannot say in this case that the chancellor's determination was clearly erroneous.

*Decree affirmed; the appellant to pay the costs.*